THE BRIDGEPORT-CITY TRUST COMPANY, TRUSTEE (ESTATE OF BRADLEY GOODSELL, SR.) *vs.* MARY G. WOOD ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued October 9th—decided November 6th, 1936.

*Samuel F. Beardsley,* for the defendants Mary G. Wood et al.

*Paul L. Miller,* for the defendant The Bridgeport-City Trust Company, administrator and trustee.

*Bradford Boardman,* with whom was *Earle W. Smith,* for defendants H. Livingston Morehouse, administrator, et al.

BANKS, J. Bradley Goodsell, Sr., died September 26th, 1897, leaving a will executed October 13th, 1887. His wife, to whom he left the residue of his estate for life, predeceased him. The residue of his estate is disposed of in articles fifth and sixth of the will which appear in the footnote.

---

FIFTH: Upon the death or remarriage of said Sarah A. Goodsell, my wife, then all the said rest and residue of my estate shall be divided and disposed of as follows: namely: I give and devise one half of the same to my said son, Bradley Goodsell, Jr.; one quarter of the same to my granddaughter, Bertha M. Hawkins (daughter of my deceased daughter, Mary E.); and one quarter of the same to my granddaughter, Mary G. Hawkins (daughter of my de-

The will leaves one-half of the residue to the testator's son, Bradley Goodsell, Jr., and one-quarter to each of his granddaughters, Bertha and Mary, providing however that upon the death of each of them

ceased daughter, Mary E. aforesaid); all however being made subject to the following conditions, namely:

1. The household furniture and effects shall be divided in the same proportions as above.

2. My son Bradley shall take and have all my real estate, whether held by me separately from, or jointly with him, with all the buildings thereon, at the valuation of Nine Thousand Dollars; and if the personal estate is insufficient to make the sums or personal estate distributed to my granddaughters of equal valuation, then my said son shall pay such amount of money to or for them as will make the same equal, together, to Nine Thousand Dollars, and said real estate shall be charged therewith.

3. If said Bradley Goodsell, Jr. dies leaving no legal, lineal descendants surviving him, then his said share is hereby given and devised, upon his decease, to my said granddaughters.

4. If either of my said granddaughters dies leaving no legal lineal descendants, then her said share is hereby given and devised to my surviving granddaughter, and if both of them die leaving no legal lineal descendants, surviving them, then their said shares are hereby given to my said son, Bradley Goodsell, Jr.

5. My said son, and granddaughters are to have the use of the same during their natural lives respectively, and if they or either of them shall need more for their support and comfort, than such use, then the principal, or so much as may be necessary, from time to time, may be sold and the proceeds thereof used for such support and comfort, the same being ordered and approved by the Court of Probate.

6. My said son Bradley Goodsell, Jr. is hereby appointed Trustee, to hold and manage the shares of my said granddaughters until each of them shall reach the age of thirty years, when the principal may be turned over to such granddaughter, if in his discretion she is capable of managing the same.

Said Trustee shall pay over the interest and income therefrom regularly as it accrues for the benefit of each respectively until the trust expires, excepting during the minority of each of them, when such Trustee shall pay as much as may be necessary in his judgment, and the balance shall be by him invested in some Savings Bank, or Banks, in this State, in his name as Trustee for them respectively.

Said Trustee shall have full power of sale, investment and reinvestment, of Trust property, and of executing all necessary papers,

leaving surviving lineal descendants his or her share shall vest absolutely in such descendants, that if the son dies leaving no surviving lineal descendants his share goes to the granddaughters, if either granddaughter dies leaving no surviving lineal descendants her share goes to the surviving granddaughter, and if both of them die leaving no surviving lineal descendants their shares go to the son; in case the son and both granddaughters die leaving no surviving lineal descendants the residue of the estate is left to the testator's heirs at law. The will provides that the son should take all of the real estate of the testator in his share at a valuation of $9000, and appoints the son trustee to hold and manage the shares of the granddaughters until each should reach the age of thirty.

In 1899, by a mutual distribution executed by the son and both granddaughters which recited that they were "entitled to the use of" the whole estate, there was set to the son "as [part] of his trust estate" all of the real estate of the testator. The son died in 1915 leaving as his only heirs at law his nieces, the granddaughters of the testator, and leaving a will in which he left the residue of his estate, subject to the life use of his wife, who has since died, to his two nieces. Bertha died in 1928, intestate, leaving as her only heir at law her sister Mary, who

and instruments with or without seal, and of doing all things necessary in the due and proper execution of this Trust.

7. When each of my said residuary devisees and legatees shall die leaving legal lineal descendants surviving him or her, as the case may be, his or her share of my estate given as aforesaid, shall become vested as an absolute estate in fee simple in them and their heirs forever.

SIXTH: In the event that my said son and my said granddaughters, all die, leaving no legal lineal descendants, surviving them, then I give and devise all that shall then remain of my estate to my kinsmen, who at that time would be my heirs at law under the statutes of this State, to be theirs forever.

is still living and is and always has been childless. The plaintiff was appointed successor trustee of the shares of the two granddaughters, and included all of the real estate of the testator in the inventory of the property to which it succeeded as trustee. It has contracted to sell a portion of the real estate and in this action seeks the advice of this court as to where the title to this real estate rests, and whether the plaintiff as trustee has the present power to convey the portion of it which it has contracted to sell.

It is the claim of the granddaughter Mary that the son took a life estate in the real estate with remainder in fee in herself and her sister Bertha, that upon the death of the son without lineal descendants the fee vested in the two sisters, and upon the death of Bertha it vested in Mary as her sole heir at law, and that she is the only person who can legally convey it. The same result would be reached under the claim of the administrator of the son's estate, which is that the son received an estate in fee which under his will passed to his nieces Bertha and Mary, and ultimately to the latter as the sole heir at law of her sister. The contention of the present administrator of the testator's estate is that the son received a life estate, that upon his death without lineal descendants the granddaughters received joint life estates, and that, upon the death of Bertha, Mary succeeded to the sole enjoyment of the property the fee to which, upon her death, will vest in her lineal descendants, if any, otherwise in the testator's next of kin.

As we construe the will, it was not the intention of the testator to give either his son or his two granddaughters absolute estates in his real estate. The first clause of article fifth of the will does provide that, upon the death or remarriage of his wife, one-half of the residue of the estate shall go to his son and one-

quarter to each of his granddaughters, but this gift is there stated to be made upon "the following conditions" which are recited in the succeeding paragraphs of the same article, and which clearly provide that these beneficiaries are "to have the use of" their respective shares "during their natural lives respectively," with remainder over as therein provided. It is thus clear that the rule that a gift in fee simple will not be cut down to a lesser estate by subsequent clauses of uncertain and ambiguous meaning has no application. It also seems clear that the provision in the third paragraph of this article that if the son dies without surviving lineal descendants "then" his share is given "upon his decease" to the testator's granddaughters, refers to the death of the son after that of the testator, and that that is also true as to the provision in the sixth article that, upon the death of both the son and the granddaughters, the remainder of the estate should go to testator's kinsmen who, "at that time" would be his heirs at law.

That the gift over to the granddaughters of the son's share upon his death without lineal descendants surviving, made in the fourth paragraph of article fifth, was intended to be a gift of a life estate only is apparent from the provisions of paragraphs five and seven of the same article. The provision of paragraph five that the son and granddaughters "are to have the use of the same during their natural lives respectively" obviously refers to the respective shares of each, and therefore to the real estate which was a part of the son's share as well as the personal estate which composed the shares of the granddaughters, and this is confirmed by the language of paragraph seven, providing that upon the death of each of the residuary "devisees" leaving lineal descendants surviving "him or her" an estate in fee simple should vest in such descendants.

Furthermore, the whole scheme of the will, which was apparently drawn with care by an experienced scrivener, manifests an intention to give to each of the beneficiaries named a life estate only, with alternative contingent remainders such that an absolute estate would vest in the lineal descendants of one or more of them, and failing any such lineal descendants in the testator's next of kin. That these beneficiaries themselves so understood would seem to appear from the mutual distribution of the real estate to the son "as his trust estate" and the apparent acquiescence by the granddaughters in its inclusion as a part of the property held in trust for them. Our conclusion, therefore, is that the granddaughter Mary now has a life interest in the real estate, the fee of which, upon her death, will vest in her lineal descendants, if any, otherwise in the testator's next of kin.

It remains to consider the specific question whether the plaintiff trustee has the present power to convey the portion of the real estate which it has contracted to sell. The answer to that question depends upon the determination of whether or not the real estate is a part of the trust estate under the trust created in the fifth article of the will. The will provides that the son shall take all the real estate, and appoints him trustee to hold and manage the shares of the granddaughters, which originally consisted only of personal property. The question is whether the shares of the granddaughters which were to be held in trust include the real estate which might come to them by reason of the death of the son without lineal descendants. That such was the intention of the testator would seem to be apparent from the language used in paragraphs three and four of article fifth. In paragraph three the son's share, which included all the real estate, is "given and devised," upon his decease without lineal descend-

ants, to the testator's granddaughters. Paragraph four provides that if one granddaughter dies without lineal descendants her share is "given and devised" to the surviving granddaughter, while, if both of them die without lineal descendants, their shares are "given" to the son. The omission of the word "devise" in the latter clause where the testator is bequeathing only personalty, and its use in the former, indicates that the "share" there disposed of after the death of one grandchild included an interest in the real estate received by her after the death of the son as provided in paragraph three. It is of course true that the shares of the granddaughters which were placed in trust could not have included the real estate while the son was alive. The will provided for the contingency of his death prior to that of the granddaughters, and that of course required the appointment of a successor trustee of their shares which then included an interest in the real estate to which they succeeded upon his death. The real estate is a part of the trust estate created in the fifth article of the will. The title of the same is in the plaintiff as successor trustee, and it has the present power to convey it.

Questions 1 and 2 are answered in the affirmative and question 3 to 8, inclusive, in the negative.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.